IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HAROLD CRUMBLEY, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 06-AR-0293-S |
| | } | |
| THE HARTFORD FINANCIAL | } | |
| SERVICES GROUP, et al., | } | |
| | } | |
| Defendants. | } | |

**MEMORANDUM OPINION**

The above-entitled case was removed to this court from the Circuit Court of Jefferson County, Alabama, by all defendants except Walter G. Barnes ("Barnes") upon the allegation that Barnes, the only non-diverse defendant, was fraudulently joined, thus creating complete diversity of citizenship and jurisdiction in this court under 28 U.S.C. § 1332. Plaintiff's motion to remand was heard at this court's regular motion docket on February 17, 2006. The said motion will be granted by separate order despite defendants' insistence that, if limited discovery were allowed, defendants would be able to demonstrate that plaintiff has no viable claim against Barnes.

Indulging, as it must, the presumption in favor of jurisdiction in the forum chosen by plaintiff, the court points out that the state court should be in charge of the discovery being sought by defendants. Only if it is clear that a claim does not survive a Rule 12(b)(6) motion because it does not and cannot

arguably state a viable cause of action, or if there is active misrepresentation by a plaintiff for the very purpose of interfering with removability, can the federal court to which a case is removed find "fraudulent joinder" and keep the case. Without presuming to guess how the state court will rule on Barnes's 12(b)(6) motion, this court cannot reach the conclusion that no colorable claim has been stated against Barnes.

    DONE this 21st day of February, 2006.

/s/ William M. Acker, Jr.
_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE